# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. NORWOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | 1:13-cv-01143-BAM (PC)<br><br>SECOND SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 9)<br><br>THIRTY-DAY DEADLINE |

### I.  Screening Requirement and Standard

Plaintiff Donald R. Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 21, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 8.) Plaintiff's amended complaint, filed on November 6, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran (CSP-Corcoran). The events in the complaint are alleged to have occurred at California Substance Abuse Treatment Facility/CSP Corcoran. Plaintiff names the following defendants: (1) Ralph Diaz; (2) Lieutenant F. A. Rodriguez; (3) Lieutenant Lunez; (4) Facility Administrator Patrick Darnell; (5) Jose Munoz, R.N.; (6) Fragino Arola, R.N.: (7) Stephanie Moore, Dialysis Technician; (8) Correctional Sergeant A. Chan; (9) Correctional Sergeant C. Garza; (10) Correctional Sergeant D. Lopez; (11) Correctional Counselor M. Hernandez; (12) Correctional Officer H. Arriaga; (13) Correctional Officer J. Carlos; and (14) Correctional Officer A. Oregel.

///

///

Claim 1:

In claim 1, Plaintiff alleges as follows:

Plaintiff has been harass/retaliated against, and denied medical care, in the form of false disciplinary reports (CDCR 115 being filed. Documents in Plaintiff C File being manipulated to influence committee ICC/UCC action. Also, along with medical/correctional staff deliberate indifference to a serious medical need. Plaintiff endured constant duress, due to all above defendants mentioned herein, collectively participated in violation of Plaintiff 1st and 14th amendment right of the U.S. Constitution. Which ultimately, hindered Plaintiff from achieving any legitimate penological goals.

(ECF No. 9, pp. 3, 5.)

Claim 2:

In claim 2, Plaintiff alleges as follows:

On August 9, 2012 Plaintiff filed appeal (CDCR 602) against dialysis escort trans, and (19) prison dialysis staff, in regards to retaliation. And the filing of this grievance resulted to no avail. Plaintiff filed an Inmate Request dated 9.5.12, to clarify losted [sic] appeal. (See attached Exhibit (b) already on file)

(ECF No. 9, p. 5.)

Claim 3:

In claim 3, Plaintiff alleges as follows:

On August 28, 2012 Plaintiff submitted appeal (CDCR 602 grievance (log no. SATF-C-12-04316) for continuous retaliation by dialysis escort trans C/Os (Correctional Officers) Plaintiff suffered reprisals by Defendants Lt. F. A. Rodriguez, Sgt. A. Chan, Sgt. C. Garza, C/O H. Arriaga, C/O J. Carlos, and C/O A. Oregel. In relation to providing inadequate healthcare, a consensus collectively with (19) dialysis administration! (See attached Exhibit (20) already on file)

(ECF No. 9, p. 6.)

Claim 4:

In claim 4, Plaintiff alleges as follows:

On September 5, 2012, Plaintiff was subjected to cruel and unusual punishment. By defendants RN Jose Munoz and RN Fragino Arola, who attempted to assess me again after previously assess by an register nurse. Purposely and maliciously creating confrontation, due to Plaintiff previous appeals. And "upon information and belief" patient do have the right to refuse any portion of the treatment under the Davita Patient Rights. Though I didn't refuse, it was done already. However,

ultimately my dialysis treatment was terminated by defendants RN Jose Munoz, RN Fragino Arola, Sgt. A. Chan and C/O H. Arriaga. Plaintiff request to consult with Facility Administrator, but to no avail. (See attached Exhibit (E) already on file)

(ECF No. 9, p. 6.)

Claim 5:

In claim 5, Plaintiff alleges as follows:

On September 11, 2012 Plaintiff filed appeal (CDC 602) against both RNs J. Munoz/F. Arola . . . for depriving me of adequate medical care by terminating my dialysis care. Both RNs conduct demonstrated malicious and sadistic intent, to hinder my health, which it did. "E.g.", not removing excessive fluid that cause edema, Plaintiff didn't receive hemodialysis medication required to take undergoing treatment, Epogen and Zemplar. Plaintiff was checked by the institution yard RN, who confirm that Plaintiff needed to be dialysis or dialize, and was denied treatment once the yard RN called (19) chair dialysis. (See attached appeal log no. HC 120001416 Exhibit F)

(ECF No. 9, pp. 6-7.)

Claim 6:

In claim 6, Plaintiff alleges as follows:

Plaintiff was informed by dialysis Sgt. Velasco, at (19) chair prison, that the facility administrator Patrick Darnell would consult with me regarding HC appeal (CDCR 602) log no. SATF-SC-12001416, and all the atrocities going on at (19) chair prison dialysis. However, no consult was conducted to resolve matters relevant herein.

(ECF No. 9, p. 7.)

Claim 7:

In claim 7, Plaintiff alleges as follows:

On 10-1-12 Plaintiff was undergoing renal dialysis, and during the course of the treatment RN Jose Munoz gave me my dialysis medication w/o doing an assessment, in complete contrast to 9-5-12 incident of defendants RN J. Munoz, RN F. Arola, SGT. A Chan and C/O H. Arriaga, all conspiring and terminating for not being assess, even thought I was prior to both RN defendants asking. Now in reference to your <u>Screening Order Dismissing Complaint with Leave to Amend</u>. Plaintiff refused to be assess by both RNs because I already was prior. And Plaintiff was exercising his right to deny any portion of the treatment –not the treatment in whole, only care from the two (2) RN defendants mentioned. My

4

>whole dialysis treatment wasn't suppose to be terminated. Plaintiff has the discretion to refuse treatment in part.

(ECF No. 9, p. 7.)

Claim 8:

In claim 8, Plaintiff alleges as follows:

>On 10-25-12 Plaintiff submitted appeal (CDCR 602) log no. SATF C-12-05076 against Correctional Counselor (CCI) M. Hernandez, for falsifying documents, and the filing of this appeal resulted to Plaintiff receiving (CDC 695) forms citing errors which was committed. Which ultimately hindered and impeded Plaintiff to exhaust administrative remedies. Also, defendant (CCI) M. Hernandez, made threatening remarks, and informed me "Im Going to pay for my involvement with an latina woman." That showed his motive/intent to retaliate. (See attached Exhibit (H) already on file)

(ECF No. 9, p. 8.)

Claim 9:

In claim 9, Plaintiff alleges:

>On 11-9-12 Plaintiff appeal (CDCR 602) was hear at the second (2nd) level review by dialysis lieutenant F. H. Rodriguez. and while talking with defendant, he because irate stating, "What I did pertaining to Plaintiff involvement with an latina, is a slap in the face to CDC administration, and if he and his colleagues want, they can create my stay here miserable." And defendant continue to make insulting remarks oppose to attempting to resolve matters, by dialysis escort trans correctional officers (19) prison.

(ECF No. 9, p. 8.)

Claim 10:

In claim 10, Plaintiff alleges:

>On 12-1-12 at CSATF (19) prison dialysis, defendants RN J. Munoz and Dialysis technician Stephanie Moore, cause cruel and unusual punishment, and negligence towards a serious medical need. Again . . . Plaintiff is referencing to the response, <u>Screening Order Dismissing Complaint with Leave to Amend</u>. Stating "At least on defendant stated that Plaintiff would be fine on the heparin" which isn't an difference of opinion with the healthcare providers. However, both defendants went against doctors orders, and purposely with malicious intent cause Plaintiff physical harm. By giving Plaintiff Heparin medication, and not rectifying it once brought to both defendant attention. A form of retaliation towards all relevant matters.

5

(ECF No. 9, p. 8.)

Claim 11:

In claim 11, Plaintiff alleges:

On 1-24-13 Plaintiff was subjected to cruel and unusual punishment by defendants correctional officers J. Carolos and A. Oregel, who both defendants stripped search Plaintiff w/o legitimate cause, that ultimately end with both defendants making threatening remarks, stating "You[']re going to get it, and you know what for." Also, not finding any contraband on/or in Plaintiff possession, that displays an constant form of retaliation and harassment.

(ECF No. 9, p. 9.)

Claim 12:

In claim 12, Plaintiff alleges:

On 1-26-13 (19) prison dialysis, defendant RN Farola asked, "If Im fine" and plaintiff responded motioning my head yeas, at which defendant became irate and hostile admitting, "He don't have to assess me, but he has to ask if Im fine." Contrast to 9-5-12 incident with both RNs Munoz and Arola indicating, "An assessment is a mandatory portion of the treatment." (See attached Exhibit (E) already on file)

(ECF No. 9, p. 9.)

Claim 13:

In claim 13, Plaintiff alleges:

On 2-19-13 Plaintiff returned from (19) prison dialysis "C" yard Correctional Lieutenant (Lt.) Lunez and Sgt. Lopez, informing Plaintiff that, "ill be going to administrative segregation (Ad/Seg) for threatening at (19) prison dialysis," which Plaintiff begin to ask questions regarding false allegation circumvented around the dialysis Sgt. who was working during mentioning of matters relevant herein, and both defendants obviously orchestrated to retaliate against Plaintiff.

(ECF No. 9, p. 9.)

Claim 14:

In claim 14, Plaintiff alleges:

On 2-21-13 at (19) prison dialysis and two days after false allegation orchestrated by defendants C.H.T. S. Moore, Lt. Lunez, and Sgt. Lopez. (19) Prison dialysis Sgt. Hughes informed to Plaintiff that, "He hadn't known anything occurred until after Plaintiff left the (19) clinic." Also, Sgt. Hughes agreed and basically confided his knowledge of circumstances, and the healthcare captain is

investigating issues regarding retaliation.  (See attached (CDCR) RVR 115 log no: C-13-02-027 Exhibit C)

(ECF No. 9, p. 10.)

Claim 15:

In claim 15, Plaintiff alleges:

On 3-15-13 Plaintiff was found guilty by Senior Hearing Officer on implied threat, not direct threats.  As the CDC RVR 115 was written by defendant C.H.T.S Moore, who falsified documents, and during the course of Plaintiff 115 Hearing, Senior Hearing Officer, stated, "He is aware of Plaintiff being harassed/retaliation against." And "He[']s going to find me guilty of a lesser offense."  (See attached Exhibit (O) already on file)

(ECF No. 9, p. 10.)

Plaintiff seeks monetary damages, along with injunctive relief.

### III.   Deficiencies of Complaint

As with his original complaint, Plaintiff's amended complaint is in contravention of Federal Rules of Civil Procedure 8(a), 18 and 20.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure these deficiencies.  However, in an abundance of caution, the Court will grant Plaintiff a final opportunity to amend his complaint.  To assist Plaintiff, the Court again provides the applicable pleading and legal standards.  Based on these standards, Plaintiff should amend only those claims that he believes, in good faith, are cognizable.

**A.   Pleading Requirements**

**1.   Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not include a short and plain statement of his claims. Rather, Plaintiff's complaint is filled with conclusory, vague and confusing statements, which do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants.  If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant in a clear and concise manner.

**2. Federal Rules of Civil Procedure 18 and 20**

Plaintiff is raising numerous claims based on different events involving different defendants between August 2012 and March 2013.  Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir.1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not attempt to circumvent joinder rules merely by claiming that defendants at the same institution are retaliating against him.  Plaintiff is alleging discrete events involving alleged retaliation by various dialysis personnel and alleged retaliation by various correctional officers.  In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims that violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

///

///

**B. Legal Standards**

**1. Retaliation**

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

Plaintiff appears to assert claims of retaliation against various defendants. However, in multiple instances, Plaintiff fails to establish that defendants took an adverse action against Plaintiff because of any protected conduct or exercise of his constitutional rights. Rather, Plaintiff suggests, through vague references, that certain defendants allegedly retaliated against Plaintiff because of a relationship Plaintiff had with a Latina woman. Plaintiff also fails to allege any chilling effect or, in some instances, the absence of any legitimate correctional goals for the conduct.

**2. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

(1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Plaintiff appears to allege two separate incidents related to his medical needs. In the first incident, Plaintiff alleges that Defendants Jose Munoz and Fragino Arola terminated Plaintiff's dialysis treatment when Plaintiff refused to undergo an assessment. As Plaintiff declined to undergo an assessment, Plaintiff cannot demonstrate deliberate indifference to serious medical needs by termination of his dialysis treatment.

In the second incident, Plaintiff alleges that Defendants gave him Heparin on December 1, 2012, in violation of doctors' orders. At best, Plaintiff has alleged medical malpractice, which is not sufficient to state a cognizable Eighth Amendment claim. Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

**3. Grievance/Appeal Procedure**

Plaintiff appears to bring a claim regarding review of his appeals. However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

### 4. Use of Verbal Threats

To the extent Plaintiff alleges that certain defendants made threatening statements, such allegations are not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).

### 5. False RVR/115 Report

Plaintiff appears to allege his rights were violated by a false disciplinary charge. An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D.Cal. Jan.20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D.Cal. Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Here, Plaintiff has not adequately alleged that the purportedly false disciplinary charge was done in retaliation for the exercise of his constitutional rights. Further, Plaintiff does not claim that he was denied any procedural due process protections. Accordingly, Plaintiff has failed to state a cognizable claim based on the allegedly false disciplinary charge.

**IV.     Conclusion and Order**

The Court finds that Plaintiff's complaint fails to comply with Rule 8, 18 and 20 and fails to state a cognizable claim.  The Court will grant Plaintiff a final opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint.  Plaintiff's amended complaint should not exceed 25 pages; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 13, 2014**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE