# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. NORWOOD, | ) 1:13-cv-01143-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO STATE A CLAIM |
| RALPH DIAZ, et al., | ) |
| Defendants. | ) |

### I.  Screening Requirement and Standard

Plaintiff Donald R. Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 14, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. (ECF No. 10.) Plaintiff's second amended complaint, filed on December 12, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events in the complaint are alleged to have occurred at California Substance Abuse Treatment Facility/CSP Corcoran. Plaintiff names the following defendants: (1) Ralph Diaz; (2) Lieutenant F. A. Rodriguez; (3) Correctional Sergeant A. Chan; (4) Correctional Sergeant C. Garza; (5) Patrick Darnell, Chair Facility Administrator; (6) Registered Nurse Jose Munoz; (7) Registered Nurse Fragino Arola; (8) Dialysis Technician Stephanie Moore; (9) Correctional Counselor M. Hernandez; (10) Correctional Officer H. Arriaga; (11) Correctional Officer J. Carlos; and (12) Correctional Officer A. Oregel.

Claim 1:

In claim 1, Plaintiff alleges as follows:

Plaintiff has been retaliated/harass against, and denied medical care, in the form of false disciplinary reports (CDCR 115) being filed.  Documents in Plaintiff C File being manipulated to influence committee ICC/UCC action-Also, along with Medical and Correctional staff providing inadequate medical care.  Plaintiff endured constant duress, due to all above defendants mentioned, herein, collectively participated in violation of Plaintiff $1^{st}/8^{th}$ amendment rights and due process clause of the 14th Amendment of the U.S. Constitution, which ultimately chill and/or silence the effects of Plaintiff exercise of his rights and to pursue civil rights litigation in the courts through actions that do not advance any legitimate penological goals, nor are tailored narrowly enough to achieve such goals.

(ECF No. 12, pp. 3, 5.)

Claim 2:

In claim 2, Plaintiff alleges as follows:

On August 9, 2012 Plaintiff filed a CDC 602 appeal against Correctional Officers H. Arriaga, A Chan SGT. and (19) prison dialysis staff Stephanie Moore, in regards to cruel and unusual punishment and the filing of this appeal resulted to no avail (disappearance of Plaintiff appeal).  Plaintiff filed CDC 22 dated 9.5.12, to clarify losted [sic] appeal.

(ECF No. 12, p. 5.)

Claim 3:

In claim 3, Plaintiff alleges as follows:

On August 28, 2012 Plaintiff submitted CDC 602 log no. SATF-C-12-04316 for continuous retaliation by dialysis escort trans Correctional Officers.  Plaintiff endured harassment by defendants Lt. F. A. Rodriguez, Sgt. A. Chan, Sgt. C. Garza, H. Arriaga, J. Carlos, and A. Oregel.  The defendants retaliatory actions do not advance a legitimate penological interest and caused a chilling and silencing effect on Plaintiff exercise of his First Amendment rights.

(ECF No. 12, p. 6.)

Claim 4:

In claim 4, Plaintiff alleges as follows:

On September 5, 2012, Plaintiff was subjected to cruel and unusual punishment by defendants R.N. J. Munoz, R.N. F. Arola, who both terminated my dialysis treatment purposely and maliciously, after already knowing Plaintiff was previously assessed by another nurse.  However, the defendants R.N. J. Munoz, R.N. F. Arola, Sgt. A. Chan and C/O H. Arriaga all collectively conspired to

|   |   |
|---|---|
| 1 | terminate Plaintiff treatment.  The actions of these above defendants participating in retaliatory manner against Plaintiff, which caused a chilling and silencing effect on Plaintiff exercise of his Eighth Amendment rights to the U.S. Constitution, to be provided with adequate medical care. |

(ECF No. 12, p. 6.)

Claim 5:

In claim 5, Plaintiff alleges as follows:

On September 11, 2012 Plaintiff filed CDC 602 (Log no. SATF-SC-120014 16) against both RNs J. Munoz/F. Arola for depriving me of adequate medical care by terminating my dialysis care.  Both defendants conduct demonstrated malicious and sadistic intent, to hinder Plaintiff health, which it did. "E.g.", Plaintiff had excessive fluid, didn't receive hemodialysis medication, institution yard doctor confirmed that Plaintiff need to dialize [sic], (19) chair denied treatment.  Violation of Plaintiff Eighth Amendment rights to the U.S. Constitution, to be provided with adequate medical care.

(ECF No. 12, pp. 6.)

Claim 6:

In claim 6, Plaintiff alleges as follows:

Plaintiff was informed by Sgt. at dialysis (19) chair prison, that Patrick Darnell, the facility administrator, would consult regarding Health Care appeal (log no. SATF-SC-12001416).  However, no consult was conducted to resolve matters relevant herein.

(ECF No. 12, p. 7.)

Claim 7:

In claim 7, Plaintiff alleges as follows:

On 10-1-12 Plaintiff was dializing [sic], and during my treatment, RN J. Munoz, give Plaintiff dialysis medication w/o requesting an assessment, in opposition to 9-5-12 incident surrounding RVR (log no. C-12-09-003) which was ultimately the main focal point of Plaintiff filing this complaint and defendant J. Munoz, retaliatory actions constitute deliberate indifference to Plaintiff rights to file grievances and to pursue civil rights litigation in violation of the First Amendment/Eighth Amendment to the United States Constitution.

(ECF No. 12, p. 7.)

Claim 8:

In claim 8, Plaintiff alleges as follows:

4

On 10-25-12 Plaintiff submitted appeal CDCR 602 (log no. SATF C-12-05076) against Correctional Counselor M. Hernandez, for falsifying documents and making threatening remarks.  Defendant M. Hernandez, maliciously and sadistically inflicted emotional and mental abuse upon Plaintiff and caused a chilling and silencing effect on Plaintiff.  Plaintiff received (CDC 695) forms citing errors that wasn't committed, which hindered and impeded Plaintiff to exhaust administrative remedies.

(ECF No. 12, p. 7.)

Claim 9:

In claim 9, Plaintiff alleges:

On 11-9-12 Plaintiff appeal/CDCR 602 was heard on the second 2nd level review by dialysis lieutenant F. A. Rodriguez.  The defendant participated in the retaliatory actions and the due process violations by making threatening remarks and/or hindering Plaintiff attempt to rectify dialysis escort trans C/Os conduct to no avail.  And the defendant lieutenant F. A. Rodriguez, actions do not advance a legitimate penological interest and caused a chilling and silencing effect on Plaintiff exercise of his First Amendment rights.

(ECF No. 12, p. 7-8.)

Claim 10:

In claim 10, Plaintiff alleges:

On 12-1-12, defendants RN J. Munoz and technician Stephanie Moore, caused cruel and unusual punishment, and negligence towards a serious medical need. And against physician/doctor orders purposely and with malicious intent gave Plaintiff heparin medication that ultimately caused Plaintiff harmed, and violated Plaintiff exercise of his Eighth Amendment rights to the U.S. Constitution, to be provided with adequate medical care.

(ECF No. 12, p. 8.)

Claim 11:

In claim 11, Plaintiff alleges:

On 1-24-13, Plaintiff was subjected to cruel and unusual punishment by defendants correctional officers J. Carolos and A. Oregel, who both stripped search Plaintiff w/o legitimate cause, and both defendants making threatening remarks, stating "You[']re going to get it, and you know what for."

  Also, not finding any contraband on/or in Plaintiff possession, the actions of both defendants do not advance a legitimate penological interest and caused a chilling and silencing effect on Plaintiff exercise of his First Amendment rights.

(ECF No. 12, p. 8.)

  <u>Claim 12</u>:

  In claim 12, Plaintiff alleges:

  On 1-26-13, at (19) chair prison dialysis, defendant RN F. Arola asked, "If Im fine" and Plaintiff responded motioning my head yes, at which defendant became irate/hostile admitting, "He don't have to assess me, but he has to ask if I'm fine." And in complete contrast to 9-5-12 incident, with both RNs J. Munoz and F. Arola indicating, "An assessment is an mandatory portion of the treatment."

(ECF No. 12, p. 8.)

  <u>Claim 13</u>:

  In claim 13, Plaintiff alleges:

  On 2-19-13, defendant Stephanie Moore, retaliated against Plaintiff in the form of falsifying disciplinary report, and using unnecessary and/or excessive force against Plaintiff in a manner which caused a chilling and silencing effect on Plaintiff exercise of his First Amendment rights to the U.S. Constitution.

(ECF No. 12, p. 9.)

  Plaintiff seeks monetary damages, along with injunctive relief.

**III. Deficiencies of Complaint**

  As with his original and first amended complaint, Plaintiff's second amended complaint is in contravention of Federal Rules of Civil Procedure 8(a), 18 and 20. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure these deficiencies. The Court finds that further leave to amend is not warranted.

  **A. Pleading Requirements**

  **1. Federal Rule of Civil Procedure 8**

  Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not include a short and plain statement of his claims. Rather, Plaintiff's complaint is filled with conclusory, vague and confusing statements, which do not provide specific factual information. Plaintiff's recitation of the elements of claim is not sufficient. Although provided with the relevant pleading standard and direction from the Court, Plaintiff has been unable to cure this deficiency.

**2. Federal Rules of Civil Procedure 18 and 20**

Plaintiff is raising numerous claims based on different events involving different defendants between August 2012 and March 2013. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff is alleging discrete events involving alleged retaliation by various dialysis personnel and alleged retaliation by various correctional officers. Plaintiff was cautioned against violation of the joinder rules, but has been unable to cure this deficiency.

**B. Legal Standards**

**1. Retaliation**

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2)

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

Plaintiff appears to assert claims of retaliation against various defendants, including a retaliatory strip search.  However, Plaintiff fails to establish that defendants in these incidents took an adverse action against Plaintiff because of any protected conduct or exercise of his constitutional rights.  There is no indication that defendants were aware of any grievances or other appeals filed by Plaintiff.  Plaintiff also fails to allege any chilling effect or, in some instances, the absence of any legitimate correctional goals for the conduct.  As stated above, Plaintiff's mere recitation of these elements is not sufficient.

**2. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Plaintiff appears to allege two separate incidents related to his medical needs. In the first incident, Plaintiff alleges that on September 5, 2012, Defendants Munoz and Arola terminated his dialysis treatment despite knowing Plaintiff was previously assessed by another nurse. In his prior complaint, Plaintiff admitted that he refused to undergo an assessment, which resulted in the termination of his dialysis treatment. Plaintiff may not merely omit factual allegations in order to state a claim for relief. As Plaintiff declined to undergo an assessment, he cannot demonstrate deliberate indifference to serious medical needs by termination of his dialysis treatment.

In the second incident, Plaintiff alleges that Defendants gave him Heparin on December 1, 2012, in violation of doctors' orders. At best, Plaintiff has alleged medical malpractice, which is not sufficient to state a cognizable Eighth Amendment claim. Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

**3. Grievance/Appeal Procedure**

Plaintiff appears to assert claims regarding review of his appeals. However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

### 4. Use of Verbal Threats/Harassment

To the extent Plaintiff alleges that certain defendants made threatening statements, such allegations are not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### 5. False RVR/115 Report

Plaintiff appears to allege his rights were violated by a false disciplinary charge made in February 2013 by Stephanie Moore. An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D.Cal. Jan.20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D.Cal. Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Here, Plaintiff has not adequately alleged that the purportedly false disciplinary charge was done in retaliation for the exercise of any protected right. Further, Plaintiff does not claim that he was denied any procedural due process protections. Accordingly, Plaintiff has failed to state a cognizable claim based on the allegedly false disciplinary charge.

///

///

**6. Excessive Force**

Plaintiff also asserts a claim for excessive force against Defendant Moore. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir.2003).'

Here, Plaintiff has failed to adequately allege that the force was applied maliciously and sadistically to cause harm. Plaintiff has not alleged any facts surrounding the alleged use of excessive force by Defendant Moore. Indeed, there are no facts regarding the application of force, the amount of force used and the extent of injury, if any.

Further, Plaintiff did not previously assert this claim against Defendant Moore in his first amended complaint. Plaintiff was cautioned that he could not change the nature of this suit or add new claims. Therefore, leave to amend this claim is not warranted.

///

///

**IV.     Conclusion and Order**

The Court finds that Plaintiff's complaint fails to comply with Rule 8, 18 and 20 and fails to state a cognizable claim.  Despite being provided with the relevant legal and pleading standards and given multiple opportunities, Plaintiff has been unable to cure the identified deficiencies.  Accordingly, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Therefore, Plaintiff's second amended complaint is HEREBY DISMISSED, without leave to amend, for failure to state a cognizable claim.  All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **January 29, 2015**                               /s/ Barbara A. McAuliffe           _
                                                                     UNITED STATES MAGISTRATE JUDGE